TROY LAW, PLLC
*Attorneys for Plaintiff, proposed FLSA collective,*
*and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

FANGRUI HUANG,
*on behalf of himself and others similarly situated*,

Plaintiff,

v.

GW OF FLUSHING I, INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF NY INC.
    d/b/a G W Supermarket,
FLUSHING MARKET, INC.
    d/b/a G W Supermarket,
GW SUPERMARKET OF NORTHERN BOULEVARD INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET(QUEENS) INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF GA INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF MARYLAND INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF BALTIMORE INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF GERMANTOWN INC.
    d/b/a G W Supermarket,
C-MART SUPERMARKET II, INC.
    d/b/a G W Supermarket,
C-MART HERALD STREET, INC.
    d/b/a G W Supermarket,
GW SUPERMARKET OF HOUSTON, INC.
    d/b/a G W Supermarket,
GREAT WALL SUPERMARKET OF VA INC.
    d/b/a G W Supermarket,
GREAT WALL VA INC.
    d/b/a G W Supermarket,
LI HUI ZHANG
    a/k/a Lihui Zhang,
SAILU PAN

**Case No. 17-cv-3181**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**
**AND FED. R. CIV. P. 23**
**CLASS ACTION**

**COMPLAINT**

a/k/a Sai Lu Pan
a/k/a Sai Pan Lu,
CHRISTINE WANG, and
MIAO KUN FANG,

                                    Defendants.

--------------------------------------------------------------------x

Plaintiff FANGRUI HUANG, (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants GW OF FLUSHING I, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, GREAT WALL VA INC. d/b/a G W Supermarket, LI HUI ZHANG a/k/a Lihui Zhang, SAILU PAN a/k/a Sai Lu Pan a/k/a Sai Pan Lu, CHRISTINE WANG, and MIAO KUN FANG, (hereinafter referred to as "Defendants").

## **INTRODUCTION**

1.      This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29

U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL") N.Y. C.L.S. Labor, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage for each hour worked and overtime for all hours worked in excess of forty (40) in each workweek.

3.     Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week.

4.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime, (3) liquidated damages; (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.     Plaintiff further alleges pursuant to the NYLL, N.Y. C.L.S. Labor § 650 *et seq.*, that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime, (3) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (4) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (6) nine percent (9%) simple prejudgment

interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (7) post-judgment interest, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.     Plaintiff FANGRUI HUANG ("HUANG") was employed by GW OF FLUSHING I, INC. d/b/a G W Supermarket located at 137-61 Northern Boulevard, Flushing, NY 11354 as a packer.

## DEFENDANTS

### *Corporate Defendants*

9.     Defendant GW OF FLUSHING I, INC. d/b/a G W Supermarket is a domestic business corporation organized under the laws of the State of New York with a principal address c/o DZH Real Estate LLC, 1300 Metropolitan Avenue, Brooklyn, NY 11237.

10.     GW OF FLUSHING I, INC. d/b/a G W Supermarket operates a supermarket located at 137-61 Northern Boulevard, Flushing, NY 11354.

11.     GW OF FLUSHING I, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

12. GW OF FLUSHING I, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

13. Defendant GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket was from a domestic business corporation organized under the laws of the State of New York with a principal address 77-00 Queens Boulevard, Elmhurst, NY 11373.

14. From on or about December 10, 203 until September 18, 2013, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket operated a supermarket located at 77-00 Queens Boulevard, Elmhurst, NY 113734.

15. GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket was a business engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

16. GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

17. Defendant FLUSHING MARKET, INC. d/b/a G W Supermarket is a domestic business corporation organized under the laws of the State of New York with a principal address c/o DZH Real Estate LLC, 1300 Metropolitan Avenue, Brooklyn, NY 11237.

18. FLUSHING MARKET, INC. d/b/a G W Supermarket operates a supermarket located at 144-50 Northern Boulevard, Flushing, NY 11354.

19. FLUSHING MARKET, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

20. FLUSHING MARKET, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

21.     Defendant GW SUPERMARKET OF NORTHERN BOULEVARD, INC. d/b/a G W Supermarket is a domestic business corporation organized under the laws of the State of New York with a principal address 144-50 Northern Boulevard, Flushing, NY 11354.

22.     GW SUPERMARKET OF NORTHERN BOULEVARD, INC. d/b/a G W Supermarket operates a supermarket located at 144-50 Northern Boulevard, Flushing, NY 11354.

23.     GW SUPERMARKET OF NORTHERN BOULEVARD, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

24.     GW SUPERMARKET OF NORTHERN BOULEVARD, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

25.     Defendant GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket is a domestic business corporation organized under the laws of the State of New York with a principal address 1300 Metropolitan Avenue, Brooklyn, NY 11237.

26.     GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket operates a supermarket located at 59-16 99th Street, Flushing, NY 11368.

27.     GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

28.     GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

29.     Defendant GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Georgia with a principal address 2300 Pleasant Hill Road, Duluth, GA 30096.

30.	GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket operates a supermarket located at 2300 Pleasant Hill Road, Duluth, GA 30096.

31.	GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

32.	GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

33.	Defendant GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Maryland with a principal address 700 Hungerford Drive, Rockville, MD 20850.

34.	GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket operates a supermarket located at 700 Hungerford Drive, Rockville, MD 20850.

35.	GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

36.	GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

37.	Defendant GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Maryland with a principal address 5510 Baltimore National Pike, Catonsville, MD 21228.

38.	GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket operates a supermarket located at 5510 Baltimore National Pike, Catonsville, MD 21228.

39.     GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

40.     GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

41.     Defendant GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Maryland with a principal address 19721 North Frederick Road, Germantown, MD 20876.

42.     GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket operates a supermarket located at 19721 North Frederick Road, Germantown, MD 20876.

43.     GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

44.     GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

45.     Defendant C-MART SUPERMARKET II, INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Massachusetts with a principal address 109 Lincoln Street, Boston, MA 02111.

46.     C-MART SUPERMARKET II, INC. d/b/a G W Supermarket operates a supermarket located at 109 Lincoln Street, Boston, MA 02111.

47.     C-MART SUPERMARKET II, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

48.     C-MART SUPERMARKET II, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

49.     Defendant C-MART HERALD STREET, INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Massachusetts with a principal address 50 Herald Street, Boston, MA 02116.

50.     C-MART HERALD STREET, INC. d/b/a G W Supermarket operates a supermarket located at 50 Herald Street, Boston, MA 02116.

51.     C-MART HERALD STREET, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

52.     C-MART HERALD STREET, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

53.     Defendant GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Texas with a principal address 2606 Brenner Drive, Dallas, TX 75220.

54.     GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket operates a supermarket located at 9889 Bellaire Boulevard, Building B, Houston, TX 77036.

55.     GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

56.     GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

57.     Defendant GREAT WALL SUPERMARKET OF VIRGINIA, INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Virginia with a principal address 2982 Gallows Road, Falls Church, VA 22042.

58.     GREAT WALL SUPERMARKET OF VIRGINIA, INC. d/b/a G W Supermarket operates a supermarket located at 2982 Gallows Road, Falls Church, VA 22042.

59.     GREAT WALL SUPERMARKET OF VIRGINIA, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

60.     GREAT WALL SUPERMARKET OF VIRGINIA, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

61.     Defendant GREAT WALL VA, INC. d/b/a G W Supermarket is a foreign business corporation organized under the laws of the State of Virginia with a principal address 2982 Gallows Road, Falls Church, VA 22042.

62.     GREAT WALL VA, INC. d/b/a G W Supermarket operates a supermarket located at 2982 Gallows Road, Falls Church, VA 22042.

63.     GREAT WALL VA, INC. d/b/a G W Supermarket is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

64.     GREAT WALL VA, INC. d/b/a G W Supermarket purchased and handled goods moved in interstate commerce.

65.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants doing business as G W Supermarket.

***Individual Defendants***

66. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law, N.Y. C.L.S. BSC § 630(a).

67. LI HUI ZHANG a/k/a Lihui Zhang (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at GW OF FLUSHING I, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

68. LI HUI ZHANG a/k/a Lihui Zhang is the Chief Executive Officer of GW OF FLUSHING I, INC. d/b/a G W Supermarket, is the Chief Executive Office of FLUSHING MARKET, INC. d/b/a G W Supermarket, is the Chief Executive Officer of GW SUPERMARKET OF NORTHERN BOULEVARD, INC. d/b/a G W Supermarket, and is the

Chief Executive Officer of GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket.

69.     LI HUI ZHANG a/k/a Lihui Zhang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL, N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

70.     SAILU PAN a/k/a Sai Lu Pan a/k/a Sai Pan Lu (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at GW OF FLUSHING I, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W

Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket,

GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL

SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL

SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL

SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART

SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G

W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT

WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC.

d/b/a G W Supermarket.

71.     SAILU PAN a/k/a Sai Lu Pan a/k/a Sai Pan Lu was the Chief Executive Officer of

GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, is the Chief Executive

Officer, Chief Financial Officer, and Secretary of GREAT WALL SUPERMARKET OF GA

INC. d/b/a G W Supermarket, is a Director of GREAT WALL SUPERMARKET OF

BALTIMORE INC. d/b/a G W Supermarket, is a Director of GREAT WALL SUPERMARKET

OF GERMANTOWN INC. d/b/a G W Supermarket, and is the Registered Agent of GW

SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket.

72.     SAILU PAN a/k/a Sai Lu Pan a/k/a Sai Pan Lu acted intentionally and maliciously and is

an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as NYLL, N.Y. C.L.S. Labor § 2, and regulations promulgated

thereunder, and is jointly and severally liable with GREAT WALL SUPERMARKET OF NY

INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW

SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT

WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL

SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

73.     CHRISTINE WANG (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at GW OF FLUSHING I, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

74.     CHRISTINE WANG is a Director of GREAT WALL SUPERMARKET OF

MARYLAND INC. d/b/a G W Supermarket.

75.     CHRISTINE WANG acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well

as NYLL, N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and

severally liable with GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket,

FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN

BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS)

INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W

Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W

Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W

Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W

Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD

STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G

W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and

GREAT WALL VA INC. d/b/a G W Supermarket.

76.     MIAO KUN FANG (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules and conditions of employment, (3) determined employee

rates and methods of payment, and (4) maintained employee records at GW OF FLUSHING I,

INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W

Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF

NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL

SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET

OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

77.     MIAO KUN FANG is the President, Treasurer, Secretary, and a Director of C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, and is the President, Treasurer, Secretary, and Treasurer of C-MART HERALD STREET, INC. d/b/a G W Supermarket.

78.     MIAO KUN FANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL, N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G

W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, and GREAT WALL VA INC. d/b/a G W Supermarket.

79.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## **STATEMENT OF FACTS**

### *Corporate Defendants Constitute an Enterprise*

80.     Corporate Defendants GW OF FLUSHING I, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF NY INC. d/b/a G W Supermarket, FLUSHING MARKET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF NORTHERN BOULEVARD INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET(QUEENS) INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GA INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF MARYLAND INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF BALTIMORE INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF GERMANTOWN INC. d/b/a G W Supermarket, C-MART SUPERMARKET II, INC. d/b/a G W Supermarket, C-MART HERALD STREET, INC. d/b/a G W Supermarket, GW SUPERMARKET OF HOUSTON, INC. d/b/a G W Supermarket, GREAT WALL SUPERMARKET OF VA INC. d/b/a G W Supermarket, GREAT WALL VA INC. d/b/a G W Supermarket are all members of a Chinese-American super-market chain doing business as Great Wall Supermarket, also known as G W Supermarket.

81.     At all relevant times herein, G W Supermarket, was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

82.     G W Supermarket is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

83.     G W Supermarket produces, purchases and handles goods moved in interstate commerce.

84.     G W Supermarket has eleven (11) active supermarkets, including:

    a.      Three (3) supermarkets in New York State:

            i.      59-16 99th Street, Queens, NY 11368;

            ii.     144-50 Northern Blvd, Flushing, NY 11354;

            iii.    137-45/61 Northern Blvd, Flushing, NY 11354;

    b.      One (1) supermarket in Virginia:

            i.      2982 Gallows Road, Falls Church, VA 22042;

    c.      One (1) supermarket in Georgia:

            i.      2300 Pleasant Hill Road, Duluth, GA 30096;

    d.      Three (3) supermarkets in Maryland:

            i.      700 Hungerford Drive, Rockville, MD 20850;

            ii.     19721 N Frederick Road, Germantown, MD 20876;

            iii.    5510 Baltimore National Pike, Catonsville, MD 21228;

    e.      One (1) supermarket in Texas:

            i.      9889 Bellaire Blvd, Building B, Houston TX 77036;

    f.      Two (2) supermarkets in Massachusetts:

            i.      109 Lincoln Street, Boston, MA 02111;

            ii.     50 Herald Street, Boston, MA 02116.

85.     G W Supermarket has formerly operated at least (1) additional supermarket, including:

    a.      77-00 Queens Blvd, Queens, NY 11373.

86.     All the aforementioned G W Supermarket locations are listed on G W Supermarket's website (http://www.gw-supermarket.com/en/about-us/).

87.     Clients may purchase goods from www.gmarts.com, which are then processed and shipped from the local G W Supermarket.

88.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective, and the Class.

89.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

90.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

91.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

92.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

93.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

94.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

95.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment

of wages at one and one half time (1.5x) employees' regular rates would financially injure

Plaintiff and similarly situated employees, and violate state and federal laws.

96.     At all relevant times, Defendants failed to post the required New York State Department

of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

### Plaintiff FANGRUI HUANG

97.     From on or about January 1, 2011, to February 18, 2017, Plaintiff FANGRUI HUANG

worked for GW OF FLUSHING I, INC. d/b/a G W Supermarket, located at 137-61 Northern

Boulevard, Flushing, NY 11354 as a packer.

98.     At the time he was hired, Plaintiff HUANG was not given a written notice in his primary

language (Chinese) regarding all of the following items: his rate or rates of pay and basis thereof;

allowances claimed as part of the minimum wage;  the regular pay day designated by the

employer;  the name of the employer;  any "doing business as" names used by the employer;  the

physical and mailing addresses of the employer's main office or principal place of business;  and

the telephone number of the employer.

99.     From on or about January 1, 2011, to February 18, 2017, Plaintiff HUANG's regular

work schedule ran from 7:30 am to 12:00 pm, then from 12:30 pm to 3:00 pm, and finally from

3:30 pm to 4:30 pm, for eight (8) hours per day, six days per week.

100.    Plaintiff HUANG was required to punch in when he arrived to work on or about 7:30 am,

to punch out on or about 12:00 pm for lunch, to punch in again on or about 12:30 pm, to punch

out again on or about 3:00 pm for teatime, to punch in again on or about 3:30 pm, and finally to

punch out on or about 4:30 pm.

101.    While Plaintiff HUANG's working day was scheduled to end at 4:30 pm, Plaintiff HUANG was typically required to work an additional ten (10) to thirty (30) minutes per day, or approximately an additional one and one half (1.5) hours per week. This time was not recorded on his time punch cards.

102.    Altogether, from on or about January 1, 2011, to February 18, 2017, Plaintiff HUANG worked approximately forty-nine and one half (49.5) hours per week.

103.    During the course of his employment, Defendants willfully failed to keep records of Plaintiff HUANG's hours worked.

104.    At all relevant times, Plaintiff HUANG was paid at a rate of eleven dollars per hour ($11.00/hr).

105.    Plaintiff HUANG was paid by check, always as if he had worked forty-eight (48) hours per week. Plaintiff HUANG received pay statements with his pay that invariably stated he worked for forty-eight (48) hours per week. Plaintiff HUANG was paid at a rate of one and one-half times eleven dollars per hour ($11.00x1.5/hr) for eight (8) of the hours he worked beyond forty (40) every week.

106.    Plaintiff HUANG was not paid for his time worked greater than forty-eight every payday. As infrequently as two (2) or three (3) weeks out of the year, Plaintiff HUANG would be given cash to compensate him for hours worked beyond forty-eight (48) in the previous week.

107.    On the few weeks he was paid for his time worked beyond forty-eight (48) hours, Plaintiff HUANG was not paid at a rate of one and one-half times (1.5x) his regular rate of pay.

108.    During the course of his employment, Plaintiff HUANG was not paid at least one and one-half (1.5x) the minimum wage or his calculated hourly wage, whichever was greater, for all hours worked in excess of forty (40) per week.

109.     Throughout his employment, Plaintiff HUANG was not given statements with his pay listing all of the following: the dates of work covered by that payment of wages;  her name; the name of the employer;  the address and phone number of the employer;  her rate or rates of pay and basis thereof; his  gross wages;  her deductions;   allowances, if any, claimed as part of the minimum wage; net wages; his regular hourly rate or rates of pay; his overtime rate or rates of pay;  her number of regular hours worked, and his number of overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

110.     Plaintiff bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

111.     Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants in their New York locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "New York Class Period").

112.     Plaintiff additionally brings Massachusetts General Law ("MAGL") claims on behalf of all non-exempt personnel employed by Defendants in their Massachusetts locations on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Massachusetts Class Period").

113.     Plaintiff additionally brings Maryland Wage Payment Statute ("MD WPS") claims on behalf of all non-exempt personnel employed by Defendants in their Maryland locations on or

after the date that is three years before the filing of the Complaint in this case as defined herein (the "Maryland Class Period").

114.    All said persons, including Plaintiff, are referred to herein as the "Class."

115.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

116.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than seventy (70) members of the Class.

*Commonality*

117.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendants employed Plaintiff and the Class members within the meaning of the NYLL;

    b.    Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

c.      Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

d.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

e.      Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

f.      Whether Defendant employed Plaintiff and the Class members within the meaning of the MAGL;

g.      Whether Plaintiff and the Class members were entitled to and paid minimum wage under the MAGL;

h.      Whether Plaintiff and the Class members were entitled to and paid overtime under the MAGL;

i.      Whether Defendant employed Plaintiff and the Class members within the meaning of the MD WPS;

j.      Whether Plaintiff and the Class members were entitled to and paid minimum wage under the MD WPS;

k.      Whether Plaintiff and the Class members were entitled to and paid overtime under the MD WPS; and

l.      At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

***Typicality***

118.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

119.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

*Superiority*

120.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

121.    Upon information and belief, Defendants and other employers throughout the state of New York violate the NYLL, employers throughout the state of Massachusetts violate the MAGL, and employers throughout the state of Maryland violate the MD WPS. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**

## COUNT I.
### [Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

122.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

124.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

125.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

## COUNT II.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

126.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

127.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one half times (1.5x) the regular rate at which he is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

128.     Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

129.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

130.     The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

131.     Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

132.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

## COUNT III.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiff]

133.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

134.     26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

135.     Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a

proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

## COUNT IV.
### [Violations of the New York Labor Law—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the Rule 23 Class]

136.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

137.    At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL N.Y. C.L.S. Labor §§ 2 and 651.

138.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

139.    Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

140.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT V.
### [Violations of the New York Labor Law—Nonpayment of Overtime Brought on behalf of the Plaintiff and the Rule 23 Class]

141.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

142.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any

underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

143.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

144.    Defendants' failure to pay overtime violated the NYLL.

145.    Defendants' failure to pay overtime was not in good faith.

## COUNT VI.
### [Violations of the New York Labor Law—Failure to Keep Records
### Brought on behalf of the Plaintiff and the Rule 23 Class]

146.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

147.    Defendants willfully failed to maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 146-2.1.

148.    As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees, pursuant to state law.

149.    Upon information and belief, Defendants failed to maintain adequate written records of actual hours worked and wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

150.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and wages earned by Plaintiff was not in good faith.

## COUNT VII.
### [Violations of the New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of the Plaintiff and the Rule 23 Class]

151. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

152. NYLL requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. N.Y. C.L.S. Labor § 195-1(a).

153. Defendants willfully failed to provide notice to employees in violation of NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his or his first day of employment.

154. Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

155. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

### COUNT VIII.
### [Violations of the New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of the Plaintiff and the Rule 23 Class]

156. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

157.     NYLL requires employers to provide detailed paystub information to employees every payday. N.Y. C.L.S. Labor § 195-1(d).

158.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

159.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT IX.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

160.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

161.     New York's General Business Law ("NYGBL") N.Y. C.L.S. General Business § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

162.     Due to Defendants' violations of NYGBL, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

163.     Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

## COUNT X.
### [Violation of Massachusetts General Law—Nonpayment of Wages
### Brought on behalf of Plaintiffs and Rule 23 Class]

164.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

165.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs wages, in violation of MGL Chapter 149 §148.

166.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

167.    An employer who fails to pay wages when they are due shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT XI.
### [Violation of Massachusetts General Law—Overtime Pay
### Brought on behalf of Plaintiffs and Rule 23 Class]

168.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

169.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

170.    Defendant' failure to pay the class its overtime wages violated the MGL Chapter 151 §§1A and 1B.

171.    Defendants' failure to pay Plaintiff and the class was not in good faith.

172.    An employer who fails to pay the overtime wage shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT XII.
### [Violation of Maryland Wage Payment Statutes—Nonpayment of Wages
### Brought on behalf of Plaintiff and Rule 23 Class]

173. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

174. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the class wages owed to them, violating MD Lab & Emp. Code §3-413.

175. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked, per MD Lab & Emp. Code §3-413c.

## COUNT XIII.
### [Violation of Maryland General Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

176. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

177. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

178. Defendant' failure to pay Plaintiffs their overtime wages violated the MD Lab & Emp. Code §3-415.

179. Defendants' failure to pay Plaintiffs were not in good faith.

## PRAYER FOR RELIEF

180. WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and potential Rule 23 Classes, respectfully request that this Court enter a judgment providing the following relief:

a.      Certification of this case as a collective action pursuant to FLSA;

b.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours, and misappropriated tips due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i.      An award of prejudgment and post-judgment interest;

j.      Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL N.Y. C.L.S. Labor § 198(4).

k.      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: May 25, 2017          TROY LAW, PLLC
       Flushing, NY          *Attorneys for the Plaintiff, proposed FLSA*
                             *Collective and potential Rule 23 Class*


                              /s/ John Troy
                             John Troy (JT 0481)
                             41-25 Kissena Boulevard, Suite 119
                             Flushing, NY 11355
                             Tel (718) 762-1324
                             johntroy@troypllc.com