Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
Email: shieldscj524@gmail.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FANGRUI HUANG, on behalf of himself and others similarly situated,

Plaintiff,

v.

GW OF FLUSHING I, INC.
d/b/a GW Supermarket of Flushing 2,
DZH IMPORT & EXPORT INC.,

Defendants.

Case No. 1:17-cv-03181-PKC-JO

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. SUMMARY OF ARGUMENT

Plaintiff, by his Third Amended Complaint, seeks payment for an average of 1.5 hours of overtime work per week in excess of 8 hours of overtime per week. (Defendants' Statement of Facts, "DSF, #1, 2.) Plaintiff admits he was paid for the first 8 hours of overtime he worked per week. (DSF #3.) Undisputed overtime hours and undisputed payments show that plaintiff was paid on average more than plaintiff seeks in this action.

## II. PROCEDURAL BACKGROUND

Defendants GW of Flushing I, Inc. and DZH Import & Export Inc. move for summary judgment dismissing the Third Amended Complaint and each claim alleged in it. Plaintiff withdrew Counts III and IV of the Third Amended Complaint and the individual defendants Lihui Zhang and Sailu Pan were terminated pursuant to an order of the Court dated March 9, 2020 based on a stipulation of the parties dated March 6, 2020. (DSF #4.). The claims remaining in the Third Amended Complaint are Counts I and II, plaintiff's overtime claims under federal law, the FLSA, and state law, the NYLL. (DSF #4.)

No persons have opted-in under the FLSA and no class has been certified (DSF # 5).

## III. PLAINTIFF'S CLAIM IS FOR AN AVERAGE OF 1.5 HOURS OF OVERTIME WORK PER WEEK IN EXCESS OF 8 HOURS OF OVERTIME WORK PER WEEK

Plaintiff claims he is owed payment for an "average" of 1.5 hours of overtime work per week in excess of 8 hours of overtime work per week. (DSF ##1, 3.) That is, the Third Amended Complaint admits that plaintiff was paid for 8 hours of overtime per week (DSF #3) but not paid, on the "average", for 1.5 hours in addition to that (DSF #1).

The Court's Memorandum and Order dated January 9, 2019 (ECF #101) on Defendants' motion to dismiss the Second Amended Complaint ordered plaintiff to file a Third Amended Complaint in accordance with the Memorandum and Order, which limited plaintiff to claiming overtime compensation under the FLSA and the

NYLL for an "average" of 1.5 hours of overtime work per week in excess of 8 hours of overtime work per week. (DSF #2.)

Defendants, in their motion for summary judgment, show that based on hours of work for which plaintiff was paid the correct wages (DSF #11)—hours which plaintiff has admitted and which are not in dispute—plaintiff was paid for more hours than plaintiff seeks in his Third Amended Complaint.

## IV. PLAINTIFF AUTHENTICATED THE CHECKS AND PAYSTUBS

Plaintiff, at his deposition on September 10, 2019, authenticated the checks and paystubs which defendant GW of Flushing I, Inc. delivered to him on each weekly payday. (DSF #7.)

## V. BASED ON ADMITTED HOURS AND PAYMENTS, PLAINTIFF WAS PAID FOR MORE THAN AN AVERAGE OF 1.5 HOURS OF WEEKLY OVERTIME IN EXCESS OF 8 HOURS OF WEEKLY OVERTIME

Exhibit A to the declaration of Louis Miu, Exhibit B at the deposition of plaintiff, are copies of the paychecks and attached paystubs which the defendant GW of Flushing I, Inc. delivered to plaintiff on each weekly payday and which plaintiff admits he received on each weekly payday. (DSF ##7, 8.) Thus, the amounts of these checks and the fact that these amounts were paid to plaintiff on each payday are undisputed. (DSF ##7, 8.)

Using the hours and wages from these undisputed paychecks and paystubs, Exhibit D to the Shields declaration shows that plaintiff was paid for an average of 11.47 hours of weekly overtime (2638.73 overtime hours, second column, divided by 230 weekly paydays), or 3.47 hours of weekly overtime (11.47 minus 8.0) in excess of

the paid 8 hours of weekly overtime. (DSF #9.) The second column of Exhibit D to the Shields declaration alone shows this. The Court can take judicial notice of the fact that the sum of the overtime hours on the checkstubs, the fourth column from the right, is 2638.73; that there are 230 weekly paydays and checkstubs, by counting the number of checks and checkstubs (GW007 to GW236, or 230 pages); and that 2638.73 divided by 230 is 11.47, but defendants' attorney has summarized these figures for convenience. The result is that plaintiff was paid for an average number of weekly overtime hours that exceeds what plaintiff asks for in his Third Amended Complaint.

Explained differently, the spreadsheet attached as Exhibit D to the Shields declaration shows that out of 230 work weeks, plaintiff worked fewer than 9.5 overtime hours in only 56 weeks. (DSF #10.) Even if, contrary to the checkstubs, plaintiff had worked 9.5 overtime hours in 56 weeks, the paid overtime hours for 174 weeks that exceeded 9.5 overtime hours would more than compensate plaintiff for the alleged, but counterfactual, under-9.5-overtime-hour weeks. The number of overtime hours worked by plaintiff included the following number of weekly overtime hours in excess of 8 hours: 10.75, 11, 11.5, 12.5, 14, 15.5, 16.5, and 25.5. It would take only 56 weeks of being paid for 11 hours of overtime to pay plaintiff for an "average of 1.5 hours of overtime" in excess of 8 hours of overtime for 56 weeks. Yet plaintiff was paid for 11 hours and more of overtime during 171 weeks—3 times the amount it would take to average 1.5 hours of overtime per week.

Thus, on facts admitted by the plaintiff, plaintiff was paid more than he seeks in this action.

## VI. THE CLAIM AGAINST DZH IMPORT & EXPORT INC. HAS NO MERIT

Plaintiff also asserts his claim for unpaid overtime wages against DZH Import & Export Inc. based on a theory of single integrated enterprise (TAC, paras. 25-34.) Because plaintiff was paid more than his Third Amended Complaint asks for, there is no meritorious claim against DZH Import & Export Inc. even if there were a single integrated enterprise.

## VII. PLAINTIFF'S ACTION IS FRIVOLOUS

As early as June 24, 2018, Defendants' counsel produced to plaintiff's counsel the paychecks and paystubs showing plaintiff's compensation. (DSF #12.) A review of those paychecks and paystubs would have shown, at the pleading stage of this action and 21 months ago, the exact same point on which Defendants now move for summary judgment—that plaintiff was paid more than he asks for in his complaint.

Defendants' counsel, in December of 2019 in connection with mediation and efforts to settle this case, prepared and sent to plaintiff's attorneys the spreadsheet attached as Exhibit D to the Shields declaration, and explained multiple times and in multiple ways that plaintiff was paid more than he asks for in his complaint. Defendants' counsel's efforts were not successful. (DSF #13.)

Similarly, plaintiff's First and Second Amended Complaints alleged a failure to pay plaintiff the minimum wage required by federal and state law, yet the complaints on their face showed that plaintiff was paid more than that minimum

wage. It required Defendants' second motion to dismiss and a memorandum and order of the Court to correct plaintiff's arithmetic and dismiss the minimum wage claims.

The early history of this case shows that plaintiff sued 18 defendants in his original Complaint and 23 defendants in his First Amended Complaint, including multiple out-of-state entities. It required efforts of Defendants, including declarations from the out-of-state entities' principals, and efforts of the Court to dismiss the out-of-state entities.

Plaintiff and his attorneys have unreasonably prolonged and multiplied this case, causing Defendants to incur excessive fees and costs in defending an action that had no merit on the day it was commenced. Defendants respectfully submit that the conduct of plaintiff and his attorneys justifies sanctions.

## CONCLUSION

For the reasons discussed in Defendants' moving papers, Defendants GW of Flushing I, Inc. and DZH Import & Export Inc. ask the Court to grant their motion for summary judgment.

//

//

//

//

//

//

Dated: March 16, 2020

Respectfully submitted,

*s/ Carolyn Shields*

Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
Email: shieldscj524@gmail.com
Attorneys for GW of Flushing I, Inc. and DZH Import & Export Inc., Defendants