Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
Email: shieldscj524@gmail.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FANGRUI HUANG, on behalf of himself and others similarly situated,

Plaintiff,

v.

GW OF FLUSHING I, INC.
d/b/a GW Supermarket of Flushing 2,
DZH IMPORT & EXPORT INC.,

Defendants.

Case No. 1:17-cv-03181-PKC-JO

DECLARATION OF CAROLYN SHIELDS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DECLARATION OF CAROYN SHIELDS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(28 U.S.C. § 1746)

I, Carolyn Shields, declare:

1. I have been one of the attorneys of record for the Defendants since November 1, 2017. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. Attached as Exhibit A is a true and correct copy of the Third Amended Complaint, the operative complaint, which was served on me through ECF.

3. Attached as Exhibit B is a true and correct copy of the transcript of the deposition of the plaintiff, which I took on September 10, 2019. I delivered the

original copy of the transcript to plaintiff's attorneys on October 29, 2019 139 days ago. Plaintiff's attorneys have not returned the transcript to me or stated any changes which plaintiff believes should be made to the transcript pursuant to Rule 30(e), Fed. R. Civ. P. The court reporter signed the transcript, certifying that it is a true record of the plaintiff's testimony. I was present at the deposition as the attorney taking the plaintiff's deposition, and declare that the transcript is a true and accurate record of plaintiff's testimony.

4. Attached as Exhibit C is a true and correct copy of the first page of the checks and checkstubs attached to the Miu Declaration, with the first page bearing the court reporter's "Defendants' Exhibit No. B" sticker. The checks and checkstubs identified as Exhibit B at the plaintiff's deposition are the same as the checks and checkstubs attached as Exhibit A to the Miu Declaration, as shown by the Bates Numbers.

5. Attached as Exhibit D is a true and correct copy of a spreadsheet prepared by me from the admitted checks and checkstubs delivered by GW of Flushing I, Inc. to plaintiff on each weekly payday. Accountant Miu and the plaintiff authenticated these checks and checkstubs. It is undisputed from the fact that the plaintiff is the payee on the checks and from the plaintiff's testimony that he received these checks and deposited them into his bank account that the amounts on the checks were paid to the plaintiff. I copied the number of overtime hours shown on the checkstubs to calculate the average number of overtime hours for which plaintiff was paid per week, namely 11.47. Plaintiff's Third Amended Complaint admits that plaintiff was paid for 8 overtime hours per week, and claims

that plaintiff was not paid for an "average" of 1.5 hours of overtime in excess of the 8 hours of paid overtime per week. Thus, the spreadsheet shows that plaintiff was paid, over 230 weeks of employment, for an average weekly overtime of 11.47 hours, or for an average of 3.47 overtime hours in excess of the admittedly paid 8 hours of overtime. Thus, plaintiff was paid more than he asks for in his Third Amended Complaint. I prepared this spreadsheet the day after the parties' mediation, in December of 2019, and sent it to plaintiff's attorneys and explained this point, in an unsuccessful effort to settle this case.

6. I produced to plaintiff's counsel on June 24, 2018 the paychecks and paystubs attached as Exhibit A to the Miu Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2020.

_*s/ Carolyn Shields*_______
Carolyn Shields